IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

PAUL LUXAMA,

    Plaintiff,

v.                                              CASE NO. 5:14-cv-73-WS-GRJ

MICHAEL D CREWS,
et al.,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a Complaint pursuant to 42 U.S.C § 1983 and is proceeding pursuant to an Amended Complaint, Doc. 5.  Plaintiff also moved for leave to proceed as a pauper, Doc. 6, and leave has been granted by separate order.

The Amended Complaint is before the Court for initial screening pursuant to 28 U.S.C. § 1915 governing proceedings *in forma pauperis*.  The IFP statute provides that the Court may dismiss a case at any time if the Court determines that the allegation of poverty is untrue or the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.[1]

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995).  If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal.  *See Bell Atlantic Corp. v. Twombly*,

---

[1] 28 U.S.C. § 1915(e)(2).

550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998)(*overruled on other grounds* by *Iqbal*).

Plaintiff alleges that he is a convicted felon presently confined at Gulf Correctional Institution. Plaintiff contends that his imprisonment is tantamount to slavery in violation of the Thirteenth Amendment. He asserts that following his release from confinement he will be "dispatched with the stigma of slavery . . . and will be denied . . . civil liberties such as the right to vote." Plaintiff names as Defendants U. S. Secretary of State John Kerry, U.S. Attorney General Eric Holder, Secretary of the Florida Department of Corrections Michael Crews, and Director of the Federal Bureau of Prisons Eric Holder. Plaintiff alleges that Defendants have acted in concert by way of a system of "peonage" to hold convicted felons as property of the state. Plaintiff

contends that Defendants have conspired to secure convictions and cloak convicted felons with a discriminatory "garb of slavery" to obtain free labor in service of a "multi-billion dollar industrial complex." Doc. 5.

Plaintiff does not dispute the validity of the conviction for which he is imprisoned. The Court takes judicial notice of *Luxama v. Secretary*, Case No. 13-61202-cv-Zloch (S.D. Fla. March 24, 2014), in which Plaintiff sought federal habeas corpus relief from his conviction. As explained in that case, Plaintiff was convicted by a Broward County jury of second degree murder in April 2007; he received a life sentence. Plaintiff unsuccessfully pursued state appeals and postconviction relief. His federal habeas corpus petition was denied on the merits, and a Certificate of Appealability was denied. *See id.* Doc. 18 (Report and Recommendation).

In the face of Plaintiff's presumptively valid conviction, his claim that his subsequent imprisonment violates the Thirteenth Amendment is squarely foreclosed by controlling precedent. "[W]here a prisoner is incarcerated pursuant to a presumptively valid judgment and commitment order issued by a court of competent jurisdiction and is forced to work pursuant to prison regulations or state statutes, the Thirteenth Amendment's prohibition against involuntary servitude is not implicated. This holding applies even though the conviction may be subsequently reversed." *Omasta v. Wainwright,* 696 F.2d 1304, 1305 (11th Cir. 1983) (citing *Draper v. Rhay*, 315 F.2d 193, 197 (9th Cir. 1963) ( "[w]here a person is duly tried, convicted, sentenced and imprisoned for crime in accordance with law, no issue of peonage or involuntary servitude arises. The Thirteenth Amendment has no application where a person is held to answer for a violation of a penal statute."); *accord Ray v. Mabry*, 556 F.2d 881 (8th

Cir. 1977)).

In view of this controlling authority, it is respectfully **RECOMMENDED** that this case be dismissed pursuant to 28 U.S.C § 1915(e)(2) for failure to failure to state a claim upon which relief may be granted.

**IN CHAMBERS**, at Gainesville, Florida, this 8th day of April 2014.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

*Case No: 5:14-cv-73-WS -GRJ*